IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON LOUIS BEAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-4981-B-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Aaron Louis Bean has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted of aggravated robbery with a deadly weapon and was sentenced to 35 years of imprisonment. His conviction was affirmed on direct appeal. *See Bean v. State,* No. 02-01-00028-CR (Tex. App. – Fort Worth, Feb. 7, 2002, pet. ref'd). Petitioner has filed four applications for state post-conviction relief. The first application was denied without written order on the findings of the trial court. *See Ex parte Bean*, WR-57,415-01 (Tex. Crim. App. Nov. 5, 2003). The other three state habeas applications were dismissed as successive. *See Ex parte Bean*, WR-57,415-02 (Tex. Crim. App. May 5, 2004); *Ex parte Bean,* WR-57,415-03 (Tex. Crim. App. June 23, 2004); *Ex parte Bean*, WR-57,415-04 (Tex. Crim. App. July 31, 2013). Petitioner also filed an application for federal habeas relief, which was denied. *See Bean v. Dretke,* No.

4:04-cv-681-Y, 2004 WL 2997467 (N.D. Tex. Dec. 27, 2004), *rec. adopted,* 2005 WL 170120 (N.D. Tex. Jan. 25, 2005); *see also* Dkt. No. 3 at 9.

Petitioner now seeks post-conviction relief on grounds that (1) he received ineffective assistance of counsel; (2) he was arrested without probable cause; (3) his indictment was invalid; (4) the prosecutor withheld exculpatory information; and (5) he is actually innocent of the aggravated robbery. Before the Court may consider this latest application, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

**Analysis**

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).[1]

**Recommendation**

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

---

[1] Although venue for this habeas corpus action is more appropriate in the Fort Worth Division of the Northern District of Texas where Petitioner was convicted, *see* 28 U.S.C. § 2241(d), it more efficient to transfer the application to the Court of Appeals than to transfer the case to the Fort Worth Division.

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE